```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CERTAIN UNDERWRITERS AT LLOYD'S
SUBSCRIBING TO POLICY ARK000251,

                    Plaintiff,                              **MEMORANDUM & ORDER**
        - against -                                         17-CV-5385 (PKC) (RML)

HAN WONG RESTAURANT INC., H&J
REALTY HOLDINGS INC., XIAO RONG
WANG, HUAN QUIN LEI,

                    Defendants.
---------------------------------------------------------x
HAN WONG RESTAURANT INC.,

                    Third-Party Plaintiff,

        - against -

ADVANCE & SECURE BROKERAGE, INC.,
MARY "DOE", and SANDY "DOE",

                    Third-Party
                    Defendants.
---------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Third-Party Plaintiff Han Wong Restaurant brings claims for fraud, negligence, and breach of fiduciary duty against Third-Party Defendants Advance & Secure Brokerage, Inc., Mary "Doe," and Sandy "Doe." Before the Court is Third-Party Defendants' motion for summary judgment. For the reasons set forth below, Third-Party Plaintiff's claims are dismissed without prejudice, and with leave to renew in state court, for lack of subject matter jurisdiction.

## BACKGROUND

**I.  Relevant Facts**

On July 10, 2014, Third-Party Plaintiff Han Wong Restaurant (the "Restaurant") hired a contractor to renovate its premises, located at 8510 20th Avenue, Brooklyn, New York.  (Third-Party Defendants 56.1 Statement[1] ("TPDs' 56.1"), Dkt. 56-1, ¶¶ 7, 48.)  On July 25, 2014, representatives of the Restaurant met with employees of Third-Party Defendant Advance & Secure Brokerage, Inc. ("A&S") to inquire about renovation insurance.  (*Id.* ¶ 7.)  A&S employee Shirley Wong ("Shirley")[2] (*id.* ¶ 2) obtained for the Restaurant a policy issued by United States Liability Insurance ("USLI"), which was cancelled on or about September 30, 2014 (*id.* ¶ 6).  On October 1, 2014, Shirley obtained a policy issued by Certain Underwriters of Lloyd's of London ("Lloyd's") (*id.* ¶ 39), which included liability coverage for bodily injury sustained on the Restaurant's premises, but contained an exclusion for "employees of independent contractors, leased/ temporary/ 1099/ volunteer workers, [and] casual[] laborers" (the "Exclusion")[3] (Lloyd's

---

[1] Unless otherwise noted, a standalone citation to a party's 56.1 statement denotes that this Court has deemed the underlying factual allegation undisputed.  Any citation to a 56.1 statement incorporates by reference the documents cited therein; where relevant, however, the Court may cite directly to an underlying document.  The Court has deemed facts averred in a party's 56.1 statement to which the opposing party cites no admissible evidence in rebuttal as undisputed.  *See Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881 (TCP), 2012 WL 4498827, at *2 n.2 (E.D.N.Y. Sept. 12, 2012) ("Local Rule 56.1 requires . . . that disputed facts be *specifically* controverted by admissible evidence.  Mere denial of an opposing party's statement or denial by general reference to an exhibit or affidavit does not specifically controvert anything." (emphasis in original)).  Additionally, to the extent a party's 56.1 statement "improperly interjects arguments and/or immaterial facts in response to facts asserted by [the opposing party] without specifically controverting those facts," the Court has disregarded the statement.  *Risco v. McHugh*, 868 F. Supp. 2d 75, 85 n.2 (S.D.N.Y. 2012).

[2] The Court infers that Shirley is the "Sandy Doe" Third-Party Defendant identified in the Third-Party Complaint.  However, the Restaurant has not sought to substitute Shirley for Sandy Doe, pursuant to Federal Rule of Civil Procedure 17.

[3] The relevant portion of the Exclusion provides:

Insurance Policy, Dkt. 56-19, at ECF[4] 18). On October 15, 2014, the Restaurant hired contractor Dazong HVAC to perform work on the premises. (TPDs' 56.1, Dkt. 56-1, ¶¶ 52–53.) On October 17, 2014, Xiao Rong Wang ("Wang"), an employee of Dazong HVAC, suffered an accident while working on-site at the Restaurant. (Lloyd's 56.1 Statement of Material Facts ("Lloyd's 56.1"), Dkt. 51, ¶¶ 17–18.) On January 5, 2017, Wang and his wife, Huan Quin Lei, commenced a personal injury lawsuit against the Restaurant and its property owner, H&J Realty Holdings, in New York Supreme Court, Kings County.[5] (*Id.* ¶¶ 1, 3; Summons & Complaint, Dkt. 50-16, at ECF 2.) On February 8, 2017, Lloyd's disclaimed coverage for the accident and Wang's lawsuit based on the Exclusion. (Lloyd's 56.1, Dkt. 51, ¶ 20.)

---

> In consideration of the premium charged this insurance does not apply to, and there is no duty on us to defend you for, "bodily injury", "property damage", "personal injury", "advertising injury", medical payments for any injury, loss or damages, including consequential injury, disease or illness, alleged disease or illness, "suit", expense or any other damages, for past, present or future claims sustained by:
>
> (a)    any contractor, self-employed contractor, subcontractor or any "employee" of same;
>
> (b)    the spouse, parent, brother, sister, other relative, companion or off-spring of any "employee" of any one listed in (a) above, as a consequence of their employment or activity.
>
> This exclusion applies to all causes of action including care and loss of services.

(Lloyd's Insurance Policy, Dkt. 56-19, at ECF 18.)

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[5] *See Xiao Rong Wang and Huan Quin Lei v. H&J Realty Holdings LLC and Han Wong Restaurant*, Index No. 500329/2017.

3

## II. Procedural History

The instant action was filed by Lloyd's against the Restaurant, H&J Realty Holdings, Xiao Rong Wang, and Huan Quin Lei (collectively, "Defendants") on September 14, 2017. (*See* Complaint ("Compl."), Dkt. 1.) Lloyd's sought declaratory relief—namely, a declaration that it was "under no obligation to continue to defend, or indemnify, [Defendants] relative to the claims brought in" the personal injury action commenced by Xiao Rong Wang and Huan Quin Lei. (Compl., Dkt. 1, ¶ 1.) Federal jurisdiction was based on diversity under 28 U.S.C. § 1332. (*Id.* ¶ 7.) On October 31, 2017, the Restaurant answered Lloyd's and also brought a third-party complaint against insurance broker A&S and its employees, Mary "Doe" and Sandy "Doe" (collectively, "Third-Party Defendants"), alleging negligence, fraud, and breach of fiduciary duty. (Dkt. 11, ¶¶ 93–116.) Discovery was completed on December 3, 2018. (*See* December 3, 2018 Order.) Third-Party Defendants' motion for summary judgment as to the Restaurant's third-party claims was fully briefed on June 28, 2019. (Dkts. 56–69.) On December 16, 2019, while Plaintiff Lloyd's summary judgment motion against the Restaurant was pending, Plaintiff and Defendants stipulated to the dismissal of Lloyd's action against Defendants. (Dkt. 71.) Defendants were terminated as parties to this case by Order dated January 29, 2020. On February 4, 2020, notwithstanding the stipulated dismissal of the main action, the Restaurant, now Third-Party Plaintiff, indicated its intent to pursue its claims against Third-Party Defendants. (Dkt. 72.)

## DISCUSSION

### I. Third-Party Defendants' Motion for Summary Judgment

Third-Party Defendants maintain that the Restaurant failed to specifically request the coverage sought (Memorandum of Law in Support of Third-Party Defendants' Motion for Summary Judgment ("TPDs' Mot."), Dkt. 56-2, at 10–14), that the Restaurant has failed to prove

4

the elements of fraud (*id.* at 14–17), and that A&S has never been a fiduciary, and thus owes no special duty, to the Restaurant (*id.* at 6–10). However, Third-Party Defendants' initial briefing did not raise the issue of subject matter jurisdiction. (*See generally id.*) In light of the dismissal of all claims in the main action, upon which federal jurisdiction was premised, the Court directed the parties to address subject matter jurisdiction in supplemental letter briefing (February 18, 2020 Order), which was completed on March 10, 2020 (Dkts. 73, 74).

## II. The Court *Sua Sponte* Declines to Exercise Supplemental Jurisdiction over Third-Party Plaintiff Han Wong Restaurant's Third-Party Claims

If a federal district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available when (1) a "federal question" is presented, pursuant to 28 U.S.C. § 1331, or (2) the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. *See, e.g.*, *Neal v. Dep't of Homeless Servs.*, No. 17-CV-6802 (PKC) (LB), 2018 WL 276350, at *1 (E.D.N.Y. Jan. 3, 2018) (discussing this Court's lack of subject matter jurisdiction over claims actionable only under state law, where plaintiff did not assert diversity jurisdiction). As discussed *supra*, subject matter jurisdiction for the main action existed in this Court based on diversity under 28 U.S.C. § 1332.

However, because the main action was dismissed by stipulation of the parties, the Court now requires a continuing basis on which to exercise federal jurisdiction. That basis is now lacking: the remaining parties are not diverse,[6] and Third-Party Plaintiff only asserts claims for

---

[6] Third-Party Plaintiff Han Wong Restaurant, Inc., was incorporated in New York in 2014. (TPDs' 56.1, Dkt. 56-1, ¶ 4.) A&S is an insurance brokerage company formed in New York. (*Id.* ¶ 1.) While the record does not indicate Shirley Wong or Mary Wong's residencies, Shirley has held an insurance broker's license issued by the State of New York since 1986, and Mary has been an A&S employee since 1993. (*Id.* ¶ 3.)

5

violations of New York common law against Third-Party Defendants. The Court may choose either to exercise supplemental jurisdiction over the remaining claims, pursuant to 28 U.S.C. § 1367(a), or else to decline to exercise supplemental jurisdiction following dismissal of the claims over which the Court had original jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3). "[T]he discretion implicit in the word 'may' in subdivision (c) of § 1367 permits the district court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (alteration omitted) (citing *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994)). And, "[g]enerally, 'if federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Butterfield v. Wade Tours, Inc.*, No. 10-CV-379 (LEK) (RFT), 2011 WL 4442939, at *1 (N.D.N.Y. Sept. 22, 2011) (alteration in original) (quoting *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991)).

Here, the Court does not find that factors of judicial economy, convenience, or fairness to the litigants weigh in favor of the Court retaining jurisdiction over the third-party claims. First, no trial date has been set with respect to the Restaurant's third-party claims. Second, it would both conserve this Court's resources and serve the third-party litigants' interests to have the instant summary judgment motion, which may dispose of the Restaurant's state common law claims, heard and resolved in state court. *See, e.g.*, *Manko v. Steinhardt*, No. 11-CV-5430 (KAM) (LB), 2012 WL 213715, at *5 (E.D.N.Y. Jan. 24, 2012) ("Plaintiff's state law claims . . . require interpretation of state law alone, and thus will be more appropriately determined in a state forum

---

Even assuming, *arguendo*, that the parties were diverse, Third-Party Plaintiff has not alleged an amount-in-controversy greater than $75,000 as to Third-Party Defendants (*see generally* Answer to Complaint with Counterclaims and Third-Party Complaint, Dkt. 11), a requirement for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

6

in the interests of comity and efficiency." (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988))). Third, given that the statute of limitations on Third-Party Plaintiff's claims has been tolled during the pendency of this action, *see* 28 U.S.C. § 1367(d) (tolling the period of limitations for claims over which a district court has only supplemental jurisdiction), the Restaurant will suffer no prejudice by having to re-file these claims in state court.

In its supplemental briefing, the Restaurant argues, in part, that the Court should retain jurisdiction over its state law claims and decide Third-Party Defendants' pending summary judgment motion, because the Court is familiar with this matter, having supervised discovery and reviewed the third parties' summary judgment briefing. (Dkt. 73, at ECF 2–3.) These are incorrect assumptions. First, discovery was supervised by the assigned Magistrate Judge, the Honorable Robert M. Levy, and not the undersigned. Second, the main parties settled this action while all of the parties' summary judgment motions were pending and before the Court issued any rulings on those motions; thus, the Court is not so steeped in the facts of the third-party claims as to make it inefficient for a state court to decide Third-Party Defendants' pending motion. Third, given that briefing of that motion has been completed, the third parties will expend little additional effort to refile their submissions in state court. Fourth, the state court has far greater expertise than does this Court with the state common law claims that are the subject of Third-Party Defendants' motion. Thus, "judicial economy and convenience" do not favor, no less "strongly favor," the Court retaining jurisdiction over the Restaurant's claims under state law. (*Id*. at ECF 3.)

Although the Court finds more persuasive the Restaurant's "fairness" argument—*i.e.*, that declining to exercise supplemental jurisdiction would "essentially punish [the Restaurant] . . . [for] settling some of the claims in this case" (*id.*)—the Court nonetheless finds that this consideration does not outweigh the previously discussed factors that weigh decidedly in favor of dismissal of

7

the state law claims without prejudice. The Court does not believe that litigants will be dissuaded from settling a case simply by the prospect of having to litigate their remaining state law claims in state court. Indeed, the Court presumes that the Restaurant factored this possibility into its decision to settle with Plaintiff Lloyd's. Thus, the Court does not find that the denial of supplemental jurisdiction in this case will result in unfairness to the Restaurant.

Accordingly, "[h]aving dismissed the federal claims before trial, the Court declines to exercise supplemental jurisdiction over the state law claims asserted in the third party action." *Williams v. Genie Indus., Inc.*, No. 10-CV-1380 (TJM), 2013 WL 4459856, at *1 (N.D.N.Y. Aug. 19, 2013); *see also Butterfield*, 2011 WL 4442939, at *2 (declining to exercise supplemental jurisdiction over third-party plaintiff's state law claims against third-party defendant, and dismissing those claims without prejudice); *Machat v. Sklar*, No. 96-CV-3796 (SS), 1997 WL 599384, at *10 (S.D.N.Y. Sept. 29, 1997) ("[H]aving dismissed the primary action filed by [plaintiff], this Court declines to maintain supplemental jurisdiction over the third-party common law or indemnification claims." (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7)).

## CONCLUSION

For the reasons stated above, Third-Party Plaintiff Han Wong Restaurant's claims against Third-Party Defendants Advance & Secure Brokerage, Inc., Mary "Doe," and Sandy "Doe" are dismissed without prejudice, and with leave to renew in state court, for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 12, 2020
      Brooklyn, New York